## O. and A. WETMORE *v.* JAMES T. DAFFIN et al.

Where a judgment has been obtained in another State and the party plaintiff brings suit in this State for the original cause of action, he must show the invalidity of the judgment previously obtained, or the court will presume it is correct and that the cause of action has been merged in the judgment, and the plaintiff will be non-suited.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Durant* and *Hornor,* for plaintiffs. *Horace Gaither,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiffs allege that *John Daffin* and *James T. Daffin,* residing in Florida, partners of the firm of *J.* and *J. T. Daffin,* which firm has been recently dissolved, are jointly and severally indebted to them in the sum of $1200, with interest, &c., by virtue of a certain promissory note drawn by said *J.* and *J. T. Daffin,* and payable at Tallahassee, Florida, &c. They further allege, that the petitioners obtained judgment against the commercial firm of *J.* and *J. T. Daffin* after its dissolution, by service on *John Daffin,* one of the partners, in the United States District Court of the Northern District of Florida, which judgment is only binding on *John Daffin,* the defendant; they then allege *James T. Daffin* to be temporarily within the jurisdiction of the court, and ask for an attachment against his property and for judgment against him under our attachment laws. *James T. Daffin* appeared by attorney, and judgment was rendered against him for the amount of the note. From this judgment he has appealed.

The defendants having pleaded the general issue, and thus put the plaintiffs on the proof of their case, we think it was incumbent on them to show the invalidity of the judgment as to *James T. Daffin,* under the laws of Florida. We cannot presume that a court would render a judgment against a party which the law did not authorize. The court may have held, according to the jurisprudence of that State, that such a connexion continued to subsist between the partners as authorized the judgment, or the partner served with process may have entered an appearance for his co-partner under a sufficient authority. A judgment, as asked for by the plaintiff on the original cause of action, as the matter is before us, might be in direct conflict with the provision of the Constitution of the United States as to the force and effect of judgments rendered in courts of the several States.

The judgment of the district court is therefore reversed, and judgment rendered against the plaintiffs as in case of non-suit, with costs in both courts.